Diane V. Weifenbach, Esq. (SBN 162053)
LAW OFFICES OF DIANE WEIFENBACH
5120 E. LaPalma Avenue, #209
Anaheim, CA 92807
Ph.: (714) 695-6637
Fax: (714) 643-7474
diane@attylsi.com

Attorneys for Secured Creditor U.S. BANK, NA AS
LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6
TITLE TRUST

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| In Re: | CASE NO.: 20-41288-WJL 13 |
| CAROL LEE DE PUYDT-MEIER, | CHAPTER 13 |
| Debtor. | DCN: CDM |
| | **OBJECTION TO MOTION TO VALUE LIEN AND COLLATERAL OF U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST (ERRONEOUSLY REFERRED TO AS DOWNEY SAVINGS & LOAN) ; AND REQUEST FOR HEARING** |

TO THE HONORABLE WILLIAM J. LAFFERTY, DEBTOR, AND THE CHAPTER 13 TRUSTEE

COMES NOW, U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST ("Creditor"), a secured creditor holding the senior lien encumbering Debtor's principal residence located at 61 Rudgear Drive, Walnut Creek, CA (the "Property") (erroneously referred to as Downey Savings and Loan ("DSL")) and files the within Objection to Debtor's Motion to Value Lien and Collateral which lien is

1 OBJECTION TO MOTION TO VALUE LIEN AND COLLATERAL OF U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST (ERRONEOUSLY REFERRED TO AS DOWNEY SAVINGS & LOAN); AND REQUEST FOR HEARING

Case: 20-41288    Doc# 47    Filed: 09/21/20    Entered: 09/21/20 14:52:13    Page 1 of 7

currently held by Creditor. First, it has been the Debtor's practice in this Motion, as well as in her other pleadings filed in this case, to identify the holder of the senior lien on the Property (her residence) as DSL, as DSL was the original lienholder, despite Debtor's numerous activities, including litigation, where she knows that Creditor is the current lien holder. It is unclear to this Creditor as to why she continues to do this. Debtor's Motion should be dismissed in its entirety as to Creditor for her failure to name the proper current senior lienholder. Should the Court decide to proceed with Debtor's Motion as against this Creditor, Creditor objects to the valuation of the Property and Debtor's Motion to Value Creditor's Lien, as set forth below.

## I. STATEMENT OF FACTS

1. Creditor is the holder of the senior Note and Deed of Trust encumbering the Property. The Property is the Debtor's principal residence.

2. This is the Debtor's fourth (4th) Bankruptcy case.

3. The last case, a Chapter 11, was dismissed.

4. Debtor has instituted litigation against Creditor regarding the Property, which litigation was adjudicated in favor of Creditor. Debtor appealed and currently has two (2) Appeals pending. Debtor has appealed the Court's granting of Creditor's Motion for Summary Judgment and, in a 2nd appeal, appealed the award of attorney's fees to Creditor. The two (2) Appeals have been consolidated into one.

5. Debtor's pre-petition arrears total no less than $402,065.78, representing over 10 ½ years of missed mortgage payments. The total monies due and owing Creditor under its loan documents are no less than $924,688.73.

6. Creditor has filed a timely objection to Debtor's proposed Plan.

7. Debtor's Motion proposes to value Creditor's collateral at $362,000 and to modify (limit) Creditor's claim to that amount and bifurcate Creditor's secured claim.

2 OBJECTION TO MOTION TO VALUE LIEN AND COLLATERAL OF U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST (ERRONEOUSLY REFERRED TO AS DOWNEY SAVINGS & LOAN); AND REQUEST FOR HEARING

Case: 20-41288   Doc# 47   Filed: 09/21/20   Entered: 09/21/20 14:52:13   Page 2 of 7

8. Debtor's Motion is in violation of *11 U.S.C. Section 1322(b)(2)* and must be denied.

9. There is no legitimate purpose under the Bankruptcy Code to value Creditor's claim, as is required under *11 U.S.C. Section 506(a)*.

10. In addition, Creditor believes the value of the Property is far greater than $362,000. Creditor is informed that Debtor has previously received an offer for the Property of approximately $750,000, which is substantially higher than Debtor's proposed $362,000 value. Creditor does not believe that the $750,000 offer was an arm's length transaction.

11. Debtor opines that the value of the Property is a mere $362,000 but provides no credible evidence of how she arrived at this value. She alleges that the property has deferred maintenance problems. If there are deferred maintenance issues, this clearly falls on the Debtor to repair, as she has been the owner of the Property since at least the time the loan was made to her, and she has allowed these purported deferred maintenance issues to occur and/or exist.

12. Based upon a broker's price opinion received by the Creditor, Creditor believes that the value of the Property exceeds the amount of its claim and is no less than $970,000 but is probably greater than that amount now.

13. Should the Court (i) find a viable Bankruptcy purpose for allowing a valuation of the Property; and (ii) legal grounds under the Banruptcy Code allowing a modification of Creditor's secured claim, and (iii) allows Debtor's Motion to proceed against Creditor, Creditor requests that the Court order the Debtor to allow Creditor access to inspect the interior and exterior of the Property and allow the Creditor the time to ascertain the current market value of the Property by procuring an appraisal report..

14. Debtor has failed to notice or name the proper creditor, and her Motion has no viable or legitimate purpose under the Bankruptcy Code as the Debtor cannot bifurcate Creditor's lien as proposed and the Motion must be denied with prejudice as to Creditor.

## II. OBJECTION

### A. DEBTOR'S MOTION VIOLATES 11 U.S.C. SECTION 1322(b)(2) AND CANNOT BE GRANTED

*11 U.S.C. Section 1322(b)(2)* provides that a Plan cannot:

**(2)** modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

Creditor's lien is secured solely by the real property which is Debtor's principal residence. Therefore, the Debtor cannot modify Creditor's claim based upon the value of the Property. Therefore, Debtor's Motion must be denied as it seeks any valuation, claim modification, lien valuation, or relief against this Creditor.

### B. DEBTOR RELIES SOLELY ON 11 U.S.C. SECTION 506(a) TO VALUE CREDITOR'S SECURED CLAIM

Although *Section 506(a)* gives a debtor the right to value property of the estate, it provides that an allowed claim of a creditor secured by a lien on Property in which the Estate has an interest, and that <u>such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or upon a plan affecting such creditor's interest.</u> *(See, In re LTV Steel Co.*, 285 BR 259 (Bankr. N.D. Ohio 2002)*: In re Miller,* 4 BR 392, 6 Bankr. Ct. Dec. (CRR) 410, *2 Collier Bankr.Cas.2d* (MB) 212 (Bankr. S.D. Cal. 1980)*; In re Todd,* 194 BR 893 (Bankr. D. Mont. 1996)).

Debtor cites no valid or legitimate purpose under the Bankruptcy Code for the valuation of

4 OBJECTION TO MOTION TO VALUE LIEN AND COLLATERAL OF U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST (ERRONEOUSLY REFERRED TO AS DOWNEY SAVINGS & LOAN); AND REQUEST FOR HEARING

Case: 20-41288    Doc# 47    Filed: 09/21/20    Entered: 09/21/20 14:52:13    Page 4 of 7

Creditor's collateral and/or Creditor's lien, other than her attempt to impermissibly modify (bifurcate) Creditor's secured claim. There is no valid Bankruptcy purpose for the proposed valuation as to Creditor's claim, so Debtor's Motion must be denied as to Creditor in its entirety.

### C. DEBTOR'S OPINION OF VALUE

Creditor does not dispute that an owner of real property can opine as to the value of their own property. However, the Debtor establishes a value of $362,000 which is far less than the value of the Property, based on Creditor's analysis. Debtor cites no basis for this self-serving value, other than to state that there is deferred maintenance issues, of which the Debtor caused or allowed to exist. She cites no comparable sales, no specifics with regard to how she arrived at this value, gives no estimates of value of the alleged deferred maintenance. Debtor's value is not credible and should not be considered without further documented credible evidence.

### D. CREDITOR REQUIRES ADDITIONAL TIME WITHIN WHICH TO OBTAIN AN APPRAISAL

Without waiving the above objections, and if there is a legitimate Bankruptcy purpose for evaluating the Property as it relates to Creditor's claim, and Creditor's claim, before proceeding with any such valuation hearing Creditor needs the opportunity to obtain an appraisal of the Property.

**WHEREFORE,** based on the foregoing, Debtor's Motion to Value the Collateral and Creditor's Claim must be denied its entirety as to Creditor and requests as follows:

1. The Debtor's Motion be denied in its entirety;

2. A hearing be set on Debtor's Motion if the Court deems there is a viable Bankruptcy purpose and the Bankruptcy Code would allow bifurcation of Creditor's claim;

3. The Court direct Debtor to allow Creditor to conduct an interior and exterior appraisal of the Property;

4. For attorney's fees and costs incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

                            Respectfully submitted,

Dated: 9/21/2020              LAW OFFICES OF DIANE WEIFENBACH

                            By:    /s/ Diane Weifenbach
                                 DIANE V. WEIFENBACH, Attorneys for Secured Creditor U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

5120 E. La Palma Ave. #209, Anaheim, CA 92807

A true and correct copy of the foregoing documents entitled (*specify*) OBJECTION TO MOTION TO VALUE LIEN AND COLLATERAL OF U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST (ERRONEOUSLY REFERRED TO AS DOWNEY SAVINGS & LOAN); AND REQUEST FOR HEARING will be served or was in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: On (*date*) 09/21/2020, I checked the CM/ECF docket for this bankruptcy case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Debtor's Attorney: PRO SE
Chapter 13 Trustee: Martha G. Bronitsky - 13trustee@oak13.com
US. Trustee: ustpregion15.OAK.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 09/21/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows

Debtor:
Carol Lee DePuydt-Meier
61 Rudgear Drive
Walnut Creek, CA 94596

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/21/2020 | Hope Upham | /s/ Hope Upham |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |